IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMY GHARB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-cv-405 |
| | ) |
| ROCKWELL AUTOMATION et al., | ) Judge Robert M. Dow, Jr. |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' motions [14, 19, 28, 37, 51, 65, 70, 78, 86, 92, 96, 103, 106, 110, 114, 118, 132, 135, 144, 154, 185] to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), and 28 U.S.C. § 1498, and Plaintiff's motion for summary judgment [205], motion for summary of infringement [207], and motion for entry of default judgment [210]. For the reasons below, Defendants' motions are granted and Plaintiff's motions are denied.

**I.    Background**[1]

On March 22, 2011, Plaintiff filed a patent infringement claim against Rockwell Automation and sixty-one additional defendants claiming infringement on his patent, U.S. Patent 6,552,654 ("'654"). The '654 patent was approved in 2003 and titled "Security system with a mobile telephone." The patent expired on April 22, 2007 for failure to pay maintenance fees. Plaintiff's ninety page complaint alleges that Rockwell Automation "has sold [Plaintiff's

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations that are set forth in Plaintiff's complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

invention] since 2001 as products with PLC Programmable Logic Controller MICROLOGIX and GSM mobile phone to all the mentioned costumers[sic], over the United States."[2] Compl. at 1. The complaint asks for a staggering $1,000,000,000.00 in damages. Plaintiff's complaint contains no specific counts, allegations or causes of action against any of the listed Defendants.

The Court mailed Plaintiff a summons and in mid-April, 2010, Plaintiff personally mailed copies of the summons and complaint to all of the Defendants. The returns of service indicated that service was performed on April 14, 2010 by the Plaintiff, Samy Gharb, who left "copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." No copy of the returns of service identified any person with whom the summons and complaint were left.

All sixty-two Defendants now argue that Plaintiff's complaint should be dismissed under Rules 12(b)(5) and 12(b)(6). The Federal Defendants also argue that the complaint should be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1498.

## II. Analysis

The Court notes that Gharb failed to respond to any of the Defendants' contentions in his response brief. He also did not attempt to properly re-serve Defendants. In their reply briefs, Defendants argue that Gharb has, accordingly, waived any argument in response the Defendants' motions. *Green v. Charter One Bank, N.A.*, 640 F.Supp.2d 998 (N.D. Ill. 2009) (dismissing count from complaint where the plaintiff did not address the defendant's argument in its opposition, reasoning that "failure to respond permits an inference of acquiescence and 'acquiescence operates as a waiver.'" (quoting *Wojtas v. Capital Guardian Trust, Co*., 477 F.3d 924, 929 (7th Cir. 2007)). Although the Court agrees that Plaintiff has failed to respond to any

---

[2] Plaintiff later alleges that Rockwell infringed the patent from 2000 to 2010.

of Defendant's arguments in his response, because Plaintiff is *pro se*, the Court will address Defendants' motions to dismiss on the merits.

### A. Service of Process

Defendants argue that the Court should dismiss Plaintiff's complaint for insufficient service of process under to Rule 12(b)(5) because Gharb failed to properly serve the corporate Defendants pursuant to Rule 4(h) and the individual Defendants pursuant to Rule 4(e), and personally served Defendants in violation of Rule 4(c)(2). See *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) (recognizing the necessity of valid service of process and noting that actual notice of litigation does not satisfy the requirements of Rule 4).

#### 1. Corporate Defendants

Federal Rule of Civil Procedure 4(h) instructs that a corporation may be served either by delivering a copy of the summons and the complaint to an officer, director, or managing agent of the business or in a manner permitted by the state where the corporation is located. Fed. R. Civ. P. 4(h). Defendants argue that Gharb failed to effectuate service via either permissible method and therefore the court lacks personal jurisdiction. See *Fifth Third Bank v. Malone*, 2010 WL 183344, *1 (N.D. Ill. Jan. 20, 2010) (citing *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2010)).

Gharb attempted to serve process by mailing the summons and the complaint to each corporate Defendant without directing it to a specific person. There are several fatal errors in Gharb's chosen method of service. First, mailing does not constitute "delivery." See *Miles v. WTMX Radio Network,* 2002 WL 1359398, *1, 3 (N.D. Ill. June 20, 2002) (holding that where plaintiff attempted to serve process on two corporations by placing each summons and complaint in the mail and addressing them to the corporations generally the service does not satisfy Rule 4);

*Geraci v. Everhart*, 2009 WL 3446193, *3 (E.D. Wis. Oct. 23, 2009) (finding that service of process by mail is inappropriate under Wisconsin law); *Smith v. Vericrest Financial, Inc*., 2010 WL 5373880, *1 (N.D. Ill. Dec. 14, 2010) (dismissing *pro se* plaintiff's complaint where plaintiff "personally sent the complaint by mail."); see also 2011 Cal. C.C.P. § 415.10; Ga. Code. Ann. § 9-11-4(e); Ia. R. Civ. P. 1.305(6); 735 ILCS 5/2-203.1; Ohio R. Civ. P. 4.1; R.I. Super. R. Civ. P. 4(e); Wis. Stat.§ 801.11(5)(a). Second, Gharb failed to direct service to an officer, director or managing agent, also in violation of Rule 4. See *Miles* 2002 WL 1359398 at *4. Finally, Gharb personally sent the mailed copies to the corporate defendants, in violation of Rule 4(c)(2), which instructs that "any person who is at least 18 years old and *not* a party may serve a summons and complaint." Fed. R. Civ. P 4(c)(2)[3] (emphasis added); see also 7355 Ill. Comp. Stat. 5/2-208(b); N.Y. C.P.L.R. 2103(a). Accordingly, the Court agrees with Defendants—Gharb improperly served process to the corporate defendants under Rule 4(h) and in violation of Rule 4(c)(2).

### 2. Individual Defendants

Federal Rule of Civil Procedure 4(e) instructs that individuals can be served by following the law in the state where the district court is located, where service is made or by either: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving the copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[3] Gharb also tried to serve several Defendants by facsimile, which similarly is prohibited under the Federal Rules. See *Vasher v. Kabacinski*, 2007 WL 295006, *3 (E.D. Mich. Jan. 29, 2007)

Here, Gharb attempted to serve process by mailing a copy of the complaint and summons to the corporate employers of the listed individuals and including a Return of Service that indicated that service was accomplished by Samy Gharb who left "copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein." But as Defendants note, under the Federal Rules of Civil Procedure and similar state rules, serving process by leaving copies at a defendant's usual place of abode may not be made at the defendant's place of business or employment.[4] 62B Am. Jur. 2d PROCESS § 203. Gharb's service was also improper because the complaint and summons were not delivered to a proper agent of the parties. Rather, they were addressed to the corporate employers generally and not to an individual. Furthermore, Gharb again violated Rule 4(c)(2) by personally mailing the copies of the complaint and summons to the individual Defendants. Therefore, Gharb failed to serve process to the individual Defendants under Rule 4(e) and violated Rule 4(c)(2) by personally mailing service of process.

### 3. Gharb's *Pro Se* Status

Finally, the Court notes that Gharb's *pro se* status does not excuse failure to properly serve process under Rule 4 as to either the corporate or individual defendants. See e.g., *Smith v. Vericrest Financial et al.*, 2010 WL 537880 (N.D. Ill. Dec 14, 2010) (dismissing complaint where *pro se* plaintiff attempted to serve defendants personally); *Ostler v. Utah*, 2004 WL 1529271 (10th Cir. 2004) ("While we construe the complaints of pro se litigants liberally, 'a pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P 4.'"); *United States v.*

---

[4] There is an exception for extraordinary circumstances, which include such conditions as a defendant keeping his whereabouts secret and traveling extensively. See *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc*. 107 F.R.D. 665, 671-72 (S.D. Fla. 1985). Gharb has not argued—and the Court does not find—that extraordinary circumstances are present in this case.

*Mollenhauer Labs., Inc.*, 267 F.2d 260, 262 (7th Cir. 1959) (noting that the liberal construction rule "cannot be utilized as a substitute for the plain legal requirements as to the manner in which service of process may be had"). Accordingly, Plaintiff's complaint is dismissed for failure to properly serve process under Rules 4(h), 4(e), and 4(c)(2).

### B. Failure to State a Claim

Defendants also argue that Gharb's claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted.

#### 1. Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n.14). In other words, the pleading must allege facts that plausibly suggest the claim asserted. *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551

U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (omission in original). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### 2. Plaintiff's Complaint Fails to State A Claim

Defendants argue that Gharb utterly failed to comply with Rule 8 in his ninety page complaint. First, Defendants note that for a significant portion of the sixty-two Defendants, Gharb fails to mention the names of the parties anywhere other than in the heading of the complaint. Merely stating the name of a defendant and nothing more falls well short of even the most basic standards of notice pleading under Rule 8. See *Adaptor, Inc., v. Sealing Systems, Inc.*, 2010 WL 5463256, *2 (E.D. Wis. Dec. 29, 2010) ("The Federal Circuit has explained that one of the allegations required to sufficiently plead direct infringement is the means by which infringement occurred, most likely naming the allegedly infringing product or method.") (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

Second, Defendants contend that for the handful of Defendants whom Gharb does individually mention in the complaint, he still fails to satisfy Rule 8's requirements.[5] Completely absent from Gharb's lengthy complaint is a "short and plain statement of a claim." Fed. R. Civ. P. 8(a)(2). Rather, the complaint consists of an array of disconnected allegations and a collection of articles from unidentified sources. At no point does the complaint set forth the elements of a claim for patent infringement. Thus, Defendants' argue that Gharb's complaint fails to reach even the level of the "[t]hreadbare recitals of the elements of a cause of action,

---

[5] Rule 8(a) Claim of Relief. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P 8(a).

7

supported by mere conclusory statements" which the Supreme Court made clear "do not suffice" to survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. The Court agrees. Gharb's overly lengthy complaint is exactly the type of "labels and conclusions" the Supreme Court prohibits in *Iqbal* and *Twombly*. 129 S. Ct. at 1949; 550 U.S. at 555. The complaint fails to raise the possibility of relief above a "speculative level" assuming that all of the allegations in the complaint are true. *Concentra*, 946 F.3d at 776.

Furthermore, not only is Gharb's complaint completely void of a short and plain statement of a claim, it rehashes allegations about the same patent ('654) that the Federal Circuit steadfastly rejected in *Unitronics Ltd. v. Gharb*, 318 Fed. Appx. 902 (Fed. Cir. 2008). In *Unitronics*, the court held that Gharb could not make his claim by merely alleging that "any PLC that is able to communicate over the GSM network infringes his patent." *Id*. at 904. The court found that in order to demonstrate infringement Gharb was required to show that the product sold by the defendant infringed upon each limitation of the claims of the '654 patent. *Id*. (citing *Feedman Seating Co. v. Am. Seating Co*., 402 F.2d 1350, 1358 (Fed. Cir. 2005)). In other words, no device infringes on the '654 patent "unless it contains each limitation of the claim, either literally or by an equivalent." *Freedman Seating Co.*, 420 F.3d at 1358. In this case, any infringing device must include the broadest claim for the '654 patent—claim 1 (the only independent claim)—which recites:

- A digital recording device having at least one emergency message: and
- A mobile telephone having at least one preselected emergency number;
- A first Programmable Logic Controller (PLC) controller for initialing monitoring;
- A second PLC controller for repeating an alarm signal; and
- Third, fourth, and fifth PLC controllers for activating a mobile telephone and digital recording device;
- At least one sensor for generating an alarm state connected to the first PLC controller;
- A main relay for controlling the first PLC controller and which can be operated by a remote control;

- A computer having mobile lines connectable to the five PLC controllers for programming the five PLC controllers; and
- A data set for transmission to the mobile telephone including alarm information;
- Wherein the second PLC controller repeats the alarm signal if the line dialed by the mobile telephone in case of an alarm, is busy; and
- Wherein each time the second PLC controller repeats the alarm signal, the third, fourth, and fifth PLC controllers activate the mobile telephone in case of an alarm, is busy; and
- Wherein each time the second PLC controller repeats the alarm signal, the third fourth and fifth PLC controllers activate the mobile telephone and the digital recording device.

'654 Patent at col. 5, ll.25-51.

Here, Gharb's complaint alleges—just as it did in *Unitronics*—that anything with a PLC that communicates over GSM infringes the '654 Patent: "Rockwell Automation has stolen my invention US Patent 6,552.654 and has sold it since 2001 as products with PLC Programmable Logic Controller MICROLOGIC and GSM mobile phone to all the mentioned costumers [sic]." Complt. at p.1. Completely ignoring the Federal Circuit's instructions, the complaint makes no allegation that any product sold by or to any of the Defendants contains each limitation of the claims of the '654 patent.

Ultimately, the *Unitronics* court found that "Gharb appears to believe that any PLC that is able to communicate over the GSM network infringes his patent, because part of his patent discloses PLCs communicating over GSM. Gharb's belief, however, is premised on an incorrect understanding of the law." *Unitronics*, 318 Fed. Appx. at 904. Gharb's complaint here is premised on the same incorrect understanding of the law. Because the complaint fails to state a claim for relief against any of the sixty two Defendants—either for failure to mention the Defendant outside the heading of the case, or for failure to make a short and plain statement of

9

the claim alleging that each limitation of the '654 Patent was infringed—Defendants' motions to dismiss are also granted pursuant to Rule 12(b)(6).[6]

### C. The Federal Defendants

The Federal Defendants argue that Gharb's complaint should be dismissed because the Court lacks jurisdiction under 28 U.S.C. § 1498. Section 1498 instructs that:

> Whenever [a patented invention] is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

In other words, a patent owner's only recourse when alleging that the government is using an infringing patent is to "sue the United States in the United States Claim Court." *Trojan, Inc. v. Shat-R-Shield, Inc.*, 885 F.2d 854, 856 (Fed. Cir. 1989) (citation omitted). The Federal Defendants are correct. Thus, even if Gharb had a viable claim—which, as discussed above, he does not—the Court would not have jurisdiction to hear a claim against the Federal Defendants.

## III. Gharb's Motions

Plaintiff filed a motion for summary judgment [205] and a motion for summary of infringement [207]. Because the Court now grants Defendants' motion to dismiss, Plaintiff's motions are denied. Finally, Plaintiff's motion for entry of default judgment [210] is denied as moot.

---

[6] The fact that Gharb did not take a hint from the Federal Circuit's decision and filed this suit in scattershot fashion against sixty-two defendants is troubling. Notwithstanding the Federal Circuit's prior ruling and guidance, Gharb has unleashed unsupported claims against dozens of Defendants, who in turn have incurred substantial expenses in seeking dismissal of those claims. Given that Gharb is *pro se* and litigating in a foreign country, the Court will give Gharb the benefit of the doubt in this instance. However, any future attempts to launch another round of baseless litigation on these matters may well be sanctionable, even if the claims are brought *pro se*.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motions to dismiss [14, 19, 28, 37, 51, 65, 70, 78, 86, 92, 96, 103, 106, 110, 114, 118, 132, 135, 144, 154, 185] are granted. Plaintiff's motion for summary judgment [205], motion for summary of infringement [207], and motion for entry of default judgment [210] are denied.  If the sole defect in this case related to service issues and/or a failure to plead with adequate detail, it would be appropriate to allow Plaintiff an opportunity to cure.  However, because (1) there are no substantive allegations against the vast majority of named Defendants and (2) any attempt to replead against those or any other Defendants would be futile in light of the Federal Circuit's decision in *Unitronics* and Plaintiff's failure to heed the Federal Circuit's explicit guidance in that case, this case is dismissed with prejudice.

Dated: November  4, 2011

Robert M. Dow, Jr.
United States District Judge